United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cox Wootton Lerner Griffin & Hanson, LLP, Petitioner, <br><br> v. <br><br> Ballyhoo Media, Inc., Respondent. | ) <br> ) <br> ) <br> ) Civil Action No. 21-23299-Civ-Scola <br> ) <br> ) |

## Order on Motion to Confirm and Motion to Dismiss

The Petitioner ("Cox Wootton")—a law firm based in California—moves the Court to confirm an arbitration award finalized in August 2021. (ECF No. 1.) The Respondent—a former client of Cox Wootton that sought to expand its high-tech billboard advertising business into New York and California—filed a motion to deny enforcement and to dismiss the petition for forum non conveniens. (ECF No. 14.) After thorough review of the record, the parties' briefing, and the relevant legal authorities, the Court **grants** Ballyhoo's motion (**ECF No. 14**) and **denies as moot** Cox Wootton's motion to confirm (**ECF No. 1**).

### 1. Background

In January 2018, Ballyhoo contracted with Cox Wootton to provide legal advice in connection with Ballyhoo's planned expansion of its services. (ECF No. 14-1.) Ballyhoo provided maritime high-tech billboard advertising and sought to expand into new ports in New York and Los Angeles. (*Id.*) However, Ballyhoo became discontent with Cox Wootton's legal advice, and in March 2020, Ballyhoo initiated an arbitration against Cox Wootton for a single claim of legal malpractice. (ECF No. 1 at ¶¶ 7–8.) The arbitration panel issued interim and final arbitration awards; in total, the panel denied the legal malpractice claim and awarded Cox Wootton $496,583.15 in attorneys' fees and costs and reimbursements. (*Id.* at ¶¶ 10–11.) In August 2021, the panel reaffirmed the award. (*Id.* at ¶ 13.) One month later, Cox Wootton timely filed this petition to confirm and enforce the awards.

### 2. Legal Standards

The Agreement to arbitrate in this case is governed by the Federal Arbitration Act ("FAA"). Where the FAA applies, there is a presumption that arbitration awards will be confirmed. *See Frazier v. CitiFinancial Corp., L.L.C.*,

604 F.3d 1313, 1322 (11th Cir. 2010) (quoting *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006)).

"Section 9 of the FAA provides that, upon application of any party to the arbitration, the court *must* confirm the arbitrator's award unless it is vacated, modified, or corrected in accordance with sections 10 and 11 of the statute." *Frazier*, 604 F.3d at 1322 (quoting 9 U.S.C. § 9) (emphasis original). For this reason, confirmation proceedings are "intended to be summary[.]" *See Cullen v. Paine, Webber, Jackson, & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989).

In cases where the FAA governs, the Eleventh Circuit has held that sections 10 and 11 provide the exclusive grounds by which a court may vacate or modify an arbitration order. *See Frazier*, 604 F.3d at 1320–21 (discussing *Hall Street Associate, L.L.C. v. Mattel*, 552 U.S. 576, 583 (2008)). Sections 10 and 11 of the FAA provide very limited grounds for upsetting an arbitration decision. Save these grounds, the district court is powerless and must confirm the arbitration decision. *See Frazier*, 604 F.3d at 1320–21.

But before addressing whether confirmation is required, the Court will determine whether venue is appropriate under Federal Rule of Civil Procedure 12(b)(3). *See Whitwam v. JetCard Plus, Inc.*, 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014) (Bloom, J.) (holding that a motion to dismiss based on a forum-selection clause is properly determined as a motion to dismiss for improper venue under Rule 12(b)(3)).

### 3. Analysis

Ballyhoo does not argue that any of the bases for vacatur set forth in sections 10 or 11 of the FAA apply. Rather, Ballyhoo argues only that this case should be dismissed for forum non conveniens, as the parties' engagement letter contains a forum-selection clause stating that "[v]enue for enforcement of any AAA arbitration award . . . shall be the Superior Court of the State of California for the County of Los Angeles, or alternatively in the United States District Court for the Central District of California." (ECF No. 14 at 3–6; ECF No. 14-1 at ¶ 7.) If the Court enforces the forum-selection clause, this case must be dismissed and confirmation proceedings brought in California. Therefore, the Court must determine whether the forum-selection clause applies and whether to enforce the forum-selection clause.

#### A. Is the forum-selection clause mandatory?

The parties dispute whether the forum-selection clause above is mandatory or permissive. *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) (defining a mandatory clause as one that "dictates

an exclusive forum for litigation under [a] contract" and a permissive clause as one that "authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere") (quoting *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004)). Forum-selection clauses must be construed broadly and, if ambiguous, against the drafter. *See Vernon v. Stabach*, No. 13-62378-CIV, 2014 WL 1806861, at *4 (S.D. Fla. May 7, 2014) ("A federal court should construe forum selection clauses broadly[.]") (Cohn, J.); *see Citro Fla., Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1232 (11th Cir. 1985). If the forum-selection clause is valid and mandatory, it must be given "controlling weight in all but the most exceptional cases." *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013).

      Here, the forum-selection clause is laid out in mandatory terms. Use of the word "shall" has widely been recognized as "generally mandatory." *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994); *see also Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012) ("One hallmark of a mandatory clause is the use of the imperative term 'shall,' which prescribes a requirement.") (cleaned up). And courts have held that when a forum-selection clause specifies that a "venue . . . shall" be a designated forum, that clause is mandatory. *See Moss v. Curves Int'l, Inc.*, No. 06-21876-CIV, 2007 WL 9703136, at *7 (S.D. Fla. Mar. 30, 2007) (Torres, Mag. J.) (collecting cases). As the clause here specifies that "[v]enue for enforcement of any AAA arbitration award . . . shall be" the designated California-based courts, the clause is mandatory. (ECF No. 14-1 at ¶ 7.) Moreover, not only does the clause state that the appropriate venue "shall be" state court in Los Angeles, but the clause even recognizes one, and only one, permissible "alternative[]" venue—federal court in Los Angeles. (ECF No. 14-1 at ¶ 7.) Therefore, the clause is clear that only those two venues are appropriate.

      The cases to which the Petitioner cites only support the proposition that the word "shall" does not always indicate a mandatory clause. But this proposition depends on the context of each clause. In *Caldas & Sons*, the court held that a forum-selection clause stating that the "courts of Zurich shall be applicable" only established that the parties consented to jurisdiction in Zurich, not that Zurich was the exclusive jurisdiction to bring any claims. *Caldas & Sons*, 17 F.3d at 127–28; *see also Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76–77 (9th Cir. 1987) (holding that a forum-selection clause stating that certain courts in California "shall have jurisdiction" did not create exclusive jurisdiction); *Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L.*, 922 F. Supp. 1534, 1358 (S.D. Fla. 1996) (Moore, J.) (holding that a forum-selection clause stating that all disputes under the relevant

contract "shall fall within the jurisdiction" of a specified Italian court did not create exclusive jurisdiction in that court).

Rather than merely providing for jurisdiction in designated courts, the forum-selection clause here specifies that venue "shall be" in either state or federal court in Los Angeles. For this reason, the forum-selection clause is mandatory.

### B. Is the forum-selection clause enforceable?

However, finding that the forum-selection clause in the parties' agreement is mandatory does not necessarily end this case. Courts may invalidate a forum selection clause where (1) its formation was induced by fraud, (2) the plaintiff would be "deprived of its day in court because of inconvenience or unfairness," (3) the forum would deprive the plaintiff of a remedy, or (4) enforcement of the clause would contravene public policy. *See Slater*, 634 F.3d at 1331.

Here, Cox Wootton argues against the enforcement of the forum-selection clause on public-policy grounds. Cox Wootton contends that enforcement of the clause would create an "absurd" and "bizarre" result, where confirmation must be obtained in California while any efforts to secure Ballyhoo's assets would have to be brought in Florida. (ECF No. 15 at 3–4.) Cox Wootton points to the FAA's well-established "policy of rapid and unobstructed enforcement of arbitration agreements" and argues that this policy would be upset by the potential for prolonged and convoluted enforcement proceedings in multiple states. (*See* ECF No. 15 at 5); *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 201 (2000) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 (1983)).

In *Cortez Byrd*, the Supreme Court held that the venue provisions of the FAA are permissive and are not the only means of determining an appropriate venue for post-arbitration proceedings. *See Cortez Byrd*, 529 U.S. at 204. Recognizing the "liberalizing" effect of the venue provisions of the FAA, the Court walked through multiple sections of the FAA and discussed the policies behind the FAA. *See id.* at 200–02 (discussing 9 U.S.C. §§ 3, 9–11).

Relevant here, the Court recognized the FAA-mandated policy of "[f]lexibility [for the parties] to make such practical choices" concerning the venue for post-arbitration proceedings. *See id.* at 201. In particular, Section 9 of the FAA states that "[i]f the parties in their agreement . . . shall specify the court, . . . any party to the arbitration may apply to the court so specified for an order confirming the award[.]" 9 U.S.C. § 9. Therefore, the FAA recognizes, and encourages, parties to contractually agree to a venue for post-arbitration proceedings. *See Cortez Byrd*, 529 U.S. at 200 (referring to section 9's

"authoriz[ation of] a binding agreement selecting a forum for confirming an arbitration award" and referring to the "obviously liberalizing effect" of section 9's recognition of forum-selection clauses); *cf. id.* at 203 ("A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is an almost indispensable precondition to achievement of the orderliness and predictability essential to" arbitration) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 516–17 (1974)). Given the FAA's policy of encouraging parties to agree to the venue of post-arbitration proceedings, the Court finds that public policy considerations do not weigh in favor of denying enforcement of the mandatory forum-selection clause.

### 4. Conclusion

As the forum-selection clause here is mandatory and valid, and as Cox Wootton has not provided a reason to deny enforcement of the clause, the Court **grants** Ballyhoo's motion to dismiss. (**ECF No. 14**.) The Court **directs** the Clerk to **close** the case. Any pending motions are denied as moot.

**Done and ordered** in Miami, Florida on December 2, 2021.

_____
Robert N. Scola, Jr.
United States District Judge